IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BMARKO STRUCTURES INC<br><br>    Plaintiff,<br><br>v.<br><br>UFP CONSTRUCTION LLC<br><br>and<br><br>UFP NEW LONDON LLC<br><br>    Defendants. | Case No.: _____ |

## COMPLAINT

Plaintiff, BMarko Structures Inc. f/k/a BMarko Structures LLC ("BMarko") brings this Complaint for damages against Defendants UFP Construction LLC ("UFP") and UFP New London LLC ("New London") (collectively the "Defendants") as follows:

### PARTIES, JURISDICTION, & VENUE

1. BMarko is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Gwinnett County, Georgia.

2. Upon information and belief, Defendant UFP is a limited liability company organized and existing under the laws of the State of Michigan with its

1

principal place of business in Grand Rapids, Michigan.

3. Upon information and belief, Defendant New London is a limited liability company organized and existing under the laws of the State of Michigan with its principal office location in New London, North Carolina.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that Defendants entered into numerous transactions with Plaintiff in this judicial district, breached its obligations to Plaintiff in this judicial district, Plaintiff resides in this judicial district, and Defendant UFP's registered agent is located in this judicial district.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a)-(b) because there is a diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

6. Defendant UFP may be served with process through its registered agent, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046-4805. Defendant New London may be served with process through its registered agent the Corporation Company at 40600 Ann Arbor Rd. E, Suite 201, Plymouth, Michigan 48170-4675.

## FACTS

7. Plaintiff incorporates the allegations of Paragraphs 1 through 6 of this Complaint by reference as if fully set forth herein verbatim.

8. This dispute arises from Plaintiff's provision of certain labor and materials for the Robert Smalls Apartment Complex in Spartanburg, South Carolina (the "Project") and Defendants' breach of its firm offer to supply lumber for the Project to Plaintiff at specific pricing and quantities according to a defined schedule through the end of August 2021.

9. Plaintiff BMarko served as a supplier for the general contractor on the Project.

10. Upon information and belief, Defendants are in the business of selling goods and construction materials including without limitation lumber for construction projects. BMarko is in the business of fabricating and supplying, among other things, commercial modular units and other construction products. Accordingly, BMarko and Defendants are "merchants" as contemplated by O.C.G.A. § 11-2-104.

11. In or about October 2020, BMarko sought firm pricing for lumber from Defendants for utilization in its bid for construction of the Project with the general contractor.

12. On November 11, 2020, UFP responded to BMarko as follows: "Attached is our lumber and EWP open joist quote for you and BMarko.  UFP New London is quoting and holding these quoted numbers through Q3 2021.  I'm confident in our ability to service and supply both you and BMarko.  Our UFP New

London location specializes in servicing the factory built niche throughout the SE. Please feel free to contact me on my cell with any questions and or concerns. We are looking forward to earning your business." Defendant's firm offer included the type of lumber, the quantity of lumber, the unit price for each type of lumber, and the schedule for delivery of such quantities of lumber to BMarko through the end of August 2021. A true and accurate copy of Defendant's firm offer for the provision of lumber for the Project is attached hereto as **Exhibit "A"** and incorporated herein by this reference.

13. Based upon Defendants' representation that it was "holding" the quoted lumber pricing and delivery schedule of the applicable quantities of lumber "through Q3 2021," Plaintiff entered into a Work Order with the general contractor for the Project in an amount in excess of $15,000,000 on December 7, 2020. A true and accurate copy of Plaintiff's Work Order with the general contractor is attached hereto as **Exhibit "B."**

14. On December 15, 2020, Plaintiff issued a Purchase Order to Defendants in the amount of $783,051.35 based upon the pricing, quantities, and delivery schedule contained in Defendant's firm offer dated November 11, 2020. A true and accurate copy of BMarko's December 15, 2020 Purchase Order AMS01-MASTER is attached hereto as **Exhibit "C"** and incorporated herein by this reference.

15. On December 16, 2020, for the first time, Defendant stated that it would not honor the pricing contained in its November 11, 2020 firm offer.

## COUNT I- BREACH OF CONTRACT

16. Plaintiff incorporates the allegations contained in Paragraphs 1 through 15 of this Complaint as if fully set forth herein verbatim.

17. Pursuant to Defendant's November 11, 2020 firm offer, Defendants offered Plaintiff certain categories and specific quantities of lumber at the prices set forth below and represented they were "holding" these prices "through Q3 2021":

| Type of Lumber | Quantity | Price |
| --- | --- | --- |
| 2 x 12 x 16 SYP #2 | 4476 | $21.35/unit |
| 2 x 10 x 16 SYP #2 | 1900 | $16.85/unit |
| 2 x 8 x 16 SYP #1 | 9220 | $13.65/unit |
| 2 x 8 x 16 SYP #2 | 1949 | $13.30/unit |
| 2 x 6 x 104-5/8 SPF | 17021 | $8.50/unit |
| 2 x 6 x 16 SPF | 3953 | $13.95/unit |
| 2 x 4 x 104-5/8 #2 SYP FJ | 40923 | $4.60/unit |
| 2 x 4 x 16 SPF | 9959 | $9.10/unit |

See **Exhibit A**.

18.     Plaintiff relied reasonably upon UFP's firm offer in determining its lump sum pricing for the Project and executed a December 7, 2020 Work Order premised upon Defendants' firm offer.  See **Exhibit B**.

19.     Thereafter, Plaintiff accepted Defendants' firm offer on December 15, 2020 by issuing PO AMS01-MASTER in the amount of $783,051.35 based upon the identical pricing, types, quantities, and delivery schedule of materials identified in Defendants' firm offer. See **Exhibit C**.



# PURCHASE ORDER

**BILL TO**
3200 Atlanta Silverbacks Way
Atlanta, GA 30340
Phone: (678)666-4776
Website: bmarkostructures.com

DATE: 12-15-20
PO #: AMS01-MASTER

**VENDOR**
Vendor Name  Universal Forest Products
Address  80 M L K Ave, Jefferson, GA 30549

**SHIP TO**
BMarko Structures, LLC
3309 Laurens Rd.
Greenville SC 29607

| ITEM # | DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| 1 | 2x12x16 SYP #2 | 4476 | $21.35 | $95,562.60 |
| 2 | 2x10x16 SYP #2 | 1900 | $16.85 | $32,015.00 |
| 3 | 2x8x16 SYP #1 | 9220 | $13.65 | $125,853.00 |
| 4 | 2x8x16 SYP #2 | 1949 | $13.30 | $25,921.70 |
| 5 | 2x6x104-5/8 SPF (NOT SPF-S) | 17021 | $8.50 | $144,678.50 |
| 6 | 2x6x16 SPF (NOT SPF-S) | 3953 | $13.95 | $55,144.35 |
| 7 | 2x4x104-5/8 #2 SYP FJ | 40923 | $4.60 | $188,245.80 |
| 8 | 2x4x16 SPF (NOT SPF-S) | 9959 | $9.10 | $90,626.90 |
| 9 | Simpson IUS2.06/9.5 Hangers | 11850 | $2.11 | $25,003.50 |
|  |  |  |  | - |
|  |  |  |  | - |
|  |  |  |  | - |
|  | Reference excel called BMarko Spartanburg LU EWP 2021 RFQ sent on 12-15-20 along with this PO |  |  | - |
|  |  |  |  | - |
|  |  |  |  | - |
|  |  |  |  | - |
|  |  |  |  | - |
|  |  |  | SUBTOTAL | $783,051.35 |

20. Contemporaneous with the transmission of Purchase Order AMS01-MASTER, Plaintiff's Chief Executive Officer wrote to Defendant as follows:

> "We are all green lights. Please see attached entire PO for order accompanied with excel to help out the sequence of deliveries. As you will see, we cancelled out the open webs but I added the hangers that me and Noah had talked about.
>
> Let us know when you can ship us all the material under "2020 Materials".
>
> We moved into the factory today!!! Lets go!"

A true and accurate copy of BMarko's December 15, 2020 correspondence is attached hereto as **Exhibit "D"** and incorporated herein by this reference as if fully set forth herein.

21. On December 16, 2020 Defendant stated, for the first time, that it would not honor the pricing contained in its November 11, 2020 firm offer but still

7

desired to supply BMarko with lumber at substantially increased pricing.

22. Defendants materially breached the Agreement by refusing to honor the pricing identified in its November 11, 2020 firm offer after BMarko's execution of the Work Order with the general contractor and issuance of Purchase Order AMS01-Master in reliance upon Defendants' representations that they were "quoting and holding these quoted numbers through Q3 2021 [and] I'm confident in our ability to service and supply both you and BMarko." *See* **Exhibit "A."**

23. As a direct and proximate result of UFP's material breach of the agreement, BMarko has been damaged in an amount to be proven at trial that is not less than $850,000 in increased lumber costs which it cannot recover under its lump sum agreement with the general contractor, as well as costs of financing to pay for the increased lumber costs.

## COUNT II – PROMISSORY ESTOPPEL

24. Plaintiff incorporates the allegations contained in Paragraphs 1 through 23 of this Complaint as if fully set forth herein verbatim.

25. Defendants orally and in writing represented to Plaintiff that it would fully supply the products identified in its firm quote through Q3 2021. *See* **Exhibit A**.

26. Defendants knew or should have known that their representations would induce Plaintiff to utilize the firm quote pricing in preparation of a lump sum

bid for the Project and bind itself to the general contractor for the Project.

27.     Relying on Defendants' promises, Plaintiff incorporated the quantities of materials identified in Defendant's firm offer into its lump sum bid for the Project and entered into the Work Order with the general contractor based upon Defendant's representation that it was "holding" these prices through Q3 2021.

28.     When Defendant refused to supply Plaintiff the products as promised, Plaintiff became liable to the general contractor for delivery of the lumber premised upon Defendant's firm offer through Q3 2021.

29.     Defendant's refusal to supply Plaintiff caused and continues to cause immediate and irreparable financial harm, lost profits and damage to Plaintiff's reputation with customers in the marketplace.

30.     Specifically, Plaintiff has suffered and will suffer increased lumber costs in excess of $850,000, as well as costs of additional financing to pay for the increased lumber costs.

## COUNT III - ATTORNEYS' FEES AND EXPENSES

31.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein verbatim.

32.     Plaintiff respectfully submits that Defendants have acted in bad faith, been stubbornly litigious, and have caused BMarko unnecessary trouble and expense.

33. Plaintiff is entitled to recover its reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## JURY DEMAND

34. Plaintiff incorporates the allegations contained in Paragraphs 1 through 33 above as though fully set forth herein verbatim.

35. BMarko demands a trial by jury in accordance with Fed. R. Civ. P. 38.

WHERFORE, BMarko requests respectfully the following:

a. judgment be entered in favor of Plaintiff and against Defendants in the principal amount of not less than $850,000 plus applicable interest;

b. judgment against Defendants for all attorney's fees and expenses incurred by Plaintiff;

c. that Defendants pay costs of filing this Complaint; and

d. for such other and further relief as the Court deems just and proper under the circumstances.

*[Signature on the follow page.]*

Respectfully submitted this 24th day of May, 2021

**Hurst Sawyer & Toler LLC**

<u>*/s/Benjamin H. Sawyer*</u>
Benjamin H. Sawyer
Georgia Bar No. 627935

1000 Parkwood Circle SE
Suite 220
Atlanta, Georgia 30339
(678) 254-0770
(678) 606-9297 (facsimile)
ben.sawyer@hurstandsawyer.com